UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David J. Myers,             Civ. No. 13-3642 (PAM/JJK)

        Plaintiff,

v.                                **ORDER**

Mr. Jon Koenings, Mr. McCanley,
Mr. Kevin Nikes, Mrs. Villareyal,
Mr. Jones, Mr. McCulley, Mr. Fisher,
Mr./Mrs. Unknown Transfer Coordinator,
Mr. K. Tycksen, Mr. Means, and
Mr./Mrs. Unknown Regional
Administrative Remedy Coordinator,

        Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated June 30, 2014. In the R&R, Magistrate Judge Keyes recommends the summary dismissal of Plaintiff's claims for failure to state a claim on which relief can be granted. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court **ADOPTS** the R&R (Docket No. 13).

As the R&R thoroughly discussed, Plaintiff's claims arise out of his refusal to or failure to provide a urine sample, which allegedly led to Plaintiff's confinement in a segregated housing unit (SHU) and to his transfer from FCI Sandtone in Minnesota to FCI

Englewood in Colorado. Plaintiff insists that his allegation that he was placed in SHU without notice or a hearing is sufficient to state a claim on which relief can be granted. (Objections (Docket No. 14) at 1.) But to state a claim under the due process clause, a prisoner must show that the deprivation of his liberty "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483-84 (1995). Indeed, Plaintiff "is incorrect in asserting that the denial of a hearing should be considered when determining whether a liberty interest was affected." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

Here, as Magistrate Judge Keyes found, the deprivation at issue did not impose a significant or atypical hardship on Plaintiff. Moreover, Plaintiff has no liberty interest "in having state officers follow state law or prison officials follow prison regulations." Id. Plaintiff has failed to allege that he has suffered from the deprivation of a constitutionally protected liberty interest and has therefore failed to state any claim on which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 13) is **ADOPTED**;
2. This action is **SUMMARILY DISMISSED** under 28 U.S.C. § 1915A(b);
3. Plaintiff shall pay the unpaid balance of the court filing fee in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>July 24, 2014</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge